L. J. LATHAM v. MATTHEW TAYLOR AND OTHERS.

Where the Court decreed that in case the costs could not be made out of the defendant, execution should issue therefor against the plaintiff, the Court sustained the judgment, on the ground that the case was exclusively of equitable cognizance, in which cases the costs are at the legal discretion of the Court, and there being no statement of facts the presumption was that the discretion was properly exercised.

Error from Leona. Suit by L. J. Latham against Matthew Taylor and his trusteess in bankruptcy, to set aside a conveyance by the said Taylor to said Trustees, so far as a certain lot of ground in the town of Navarro was concerned, on the ground that the plaintiff had purchased the same under execution against said Taylor, before the proceedings in bankruptcy attached. There was a decree for the plaintiff according to the prayer of his petition, and against the defendants for costs, with an order that execution issue against Taylor, and that the claim be certified as a claim against his assets in the hands of the trustees, and a further order that in case the costs could not be made out of Taylor, and there were not assets in the hands of the trustees to pay them, then that execution therefor should

issue against the plaintiff. The defendant prosecuted this writ of error to so much of judgment as provided for execution gainst him for the costs in the alternative aforesaid.

*W. A. Leigh,* for plaintiff in error.

WHEELER, J. The only question to be determined upon this writ of error, is whether the Court erred in giving judgment in the alternative, against the plaintiff, for the costs by him incurred in the prosecution of his suit..

This was a case exclusively of equitable cognizance ; and in Walling v. Kinnard, (10 Tex. R. 508,) the equitable rule was recognized, that, though *prima facie,* the party who fails in the suit is liable for costs, yet the *prima facie* claim for costs may be rebutted by the circumstances of the case. And there being no evidence to the contrary, this Court acted upon the presumption that there had been a proper exercise of discretion in the Court below in awarding costs against the party who was successful in the suit; and affirmed the judgment. There is, in the present case, no statement of facts ; and nothing to repel the presumption that the Court adjudged equitably in awarding costs. Upon the authority of Walling v. Kinnard, the judgment must be affirmed.

Judgment affirmed.